**HOBBET v. THOMSON et al.**

No. 60.

District Court, N. D. Iowa,
Central Division.

June 28, 1943.

Garfield & Baker, of Humboldt, Iowa, and Breen, Breen & McCormick, of Fort Dodge, Iowa, for plaintiff.

Davis, McLaughlin & Hise, of Des Moines, Iowa, and B. J. Price, of Fort Dodge, Iowa, for defendants.

SCOTT, District Judge.

An action by Andrew Hobbet, as administrator of the estate of his deceased fifteen year old son, against Charles M. Thomson, trustee in bankruptcy for reorganization of the Chicago & Northwestern Railway Company, and H. O. Sexy, section foreman on said railway, to recover damages for alleged negligently causing the death of decedent in a railway grade crossing accident in Humboldt County, Iowa, about two miles east of the town of Thor.

The action was begun in a State Court and timely removed to this Court upon the ground of diversity of citizenship and the requisite jurisdictional amount involved. The accident occurred on the 8th of August, 1942, at between nine and ten o'clock in the forenoon.

Plaintiff charges only one ground of negligence, which is not in operation, but in maintenance of way. It is charged that defendant permitted weeds to grow upon the right of way to such extent as to obscure entirely the view of approaching trains by persons traveling upon an intersecting highway. The defendant Thomson answered denying negligence and pleading contributory negligence upon the part of decedent. The defendant Sexy filed a demurrer, which was treated as a motion to dismiss. A jury was waived and the cause proceeded to trial to the Court. The particular branch of the Chicago & Northwestern Railway involved passes through Humboldt County in an easterly and westerly direction, and is intersected at the point of the accident by a county graded and graveled highway passing over the crossing at grade. The highway was substantially level and crossed the railway at right angles.

██ The evidence shows a growth of weeds on the south side of the railway right of way very high, some wild hemp reaching a height of approximately eight feet. The highest part of the weeds was two or three hundred feet east of the highway line. Decedent, whose parents lived in the town of Thor, was working for a farmer whose land lay both north and south of the railway. The boy was engaged in hauling refuse from the farm yard where a building had been removed, into a field south of the track, using the highway to reach the south field. He was hauling the refuse with a tractor trailing a manure spreader. He returned from the field after spreading the refuse, along a beaten track close to the railway right of way south fence running out onto the highway. The morning west bound passenger train was about twenty minutes late and due to pass over the crossing. The decedent drove from the field out onto the highway and turned north and attempted to cross the railway track. The tractor nearly cleared but the approaching train struck at the coupling between the tractor and the manure spreader, tossing them both aside and so injuring the boy that he died within twenty

minutes time. The only eyewitness was the fireman sitting at the south side of the engine cab. The engineer had blown the whistle at the whistling post and the fireman was looking ahead. He saw the boy approach the track driving the tractor and looking straight ahead. He called to the engineer to "Spike her", which in railroad parlance meant to apply the emergency brake, which the engineer did, and both engineer and fireman then "ducked" behind the boiler, and the crash immediately followed. The train stopped about seventy-five feet beyond the crossing. It was a clear day and nothing unusual had happened to detract decedent's attention. The accident occurred on Saturday, and on Monday photographs of the locus in quo were taken. Two snap shots were taken by the sheriff of Humboldt County standing upon the shoulder of the highway with the small camera held three and one-half feet above the surface of the highway and level. Enlargements of the photographs were introduced in evidence. A commercial photographer for the defendant Thomson took exposures for a triple view panorama picture, showing the scene from the highway on the north and around to a point east by south. There was no train on the track when the sheriff took his snap shots. There was a train present when the commercial photographer took his views. The train was standing at the whistling post in one exposure, and intermediate between the whistling post and the crossing in the other. The camera was sitting in the center of the highway about forty feet south of the crossing, and elevated five feet six inches above the surface of the highway and level. The picture taken clearly shows the train at both points. The seat of the tractor upon which the boy was riding was fifty-nine inches above the surface of the highway, and decedent's point of view would be approximately seven feet above the surface of the highway. Had he looked he could have seen the train approaching at any time after he reached the highway and turned north to cross the tracks. The only inference to be drawn is that he did not look. It must be borne in mind that decedent was sitting out in the open and not secluded as one would be within a closed automobile. To concede that the defendant Thomson was negligent in permitting such growth of weeds upon the right of way would not help the plaintiff. Decedent was so clearly guilty of negligence contributing to his injury and death as to overcome any presumption of self preservation. There is no question of last clear chance involved, as the fireman gave the call, "Spike her", and the engineer responded as soon as it was apparent that decedent would attempt to cross the track.

Defendant Thomson's motion at the close of all of the evidence to dismiss, and defendant Sexy's independent motion to dismiss, must both be sustained. It will be so ordered.